Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Terry A. Van't Hul,<br><br>      Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.;<br>NCO Portfolio Management, Inc.;<br>NCO Portfolio Funding; and<br>NCO Financial Services;<br><br>      Defendants. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

## I.  PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (hereinafter "FCRA").  Plaintiff seeks an award of statutory damages, actual damages, punitive damages, court costs

1 | and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff is an individual residing in Maricopa County, Arizona.
4. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3) and FCRA § 1681a(c).
5. Defendant NCO Financial Systems, Inc. ("Financial Systems") is a foreign corporation doing business within the State of Arizona.
6. Financial Systems collects or attempts to collect debts owed or asserted to be owed or due another.
7. In the alternative, Financial Systems collects or attempts to collect debts it has purchased after default.
8. Financial Systems is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0019052.
9. Financial Systems is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Financial Systems is both a "person" as defined by FCRA § 1681a(b), and a "user" of credit reporting information as contemplated under FCRA § 1681b(f).

11. Defendant NCO Portfolio Management ("Portfolio Management") is a foreign company doing business within the State of Arizona.

12. Portfolio Management collects or attempts to collect debts owed or asserted to be owed or due another.

13. In the alternative, Portfolio Management collects or attempts to collect debts it has purchased after default.

14. Portfolio Management is a "debt collector" as that term is defined by FDCPA § 1692a(6).

15. Portfolio Management is both a "person" as defined by FCRA § 1681a(b), and a "user" of credit reporting information as contemplated under FCRA § 1681b(f).

16. Defendant NCO Portfolio Funding ("Portfolio Funding") is a foreign company doing business within the State of Arizona.

17. Portfolio Funding collects or attempts to collect debts owed or asserted to be owed or due another.

18. In the alternative, Portfolio Funding collects or attempts to collect debts it has purchased after default.

19. Portfolio Funding is a "debt collector" as that term is defined by FDCPA § 1692a(6).

20. Defendant NCO Financial Services ("Financial Services") is a foreign company doing business within the State of Arizona.

21. Financial Services collects or attempts to collect debts owed or asserted to be owed or due another.

22. In the alternative, Financial Services collects or attempts to collect debts it has purchased after default.

23. Financial Services is a "debt collector" as that term is defined by FDCPA § 1692a(6).
24. Financial Services is both a "person" as defined by FCRA § 1681a(b), and a "user" of credit reporting information as contemplated under FCRA § 1681b(f).

## IV.  FACTUAL ALLEGATIONS

25. Prior to August 2006, Portfolio Funding acquired a debt owed by Plaintiff from Bank of America.
26. The Bank of America debt was incurred for personal, family, and household purposes.
27. Portfolio Funding subsequently hired the collection agency of WYSE Financial Services, Inc. to assist it in collecting the Bank of America debt.
28. Plaintiff settled the debt with Portfolio Funding through WYSE  Bank of America when he refinanced his home in August 2006.
29. Sometime between August 2006, and March 2009, Portfolio Funding sold or transferred the Bank of America debt to Portfolio Management, alleging a balance of $1,990.38 still owing.
30. In March 2009, Portfolio Management sued Plaintiff in the North Mesa Justice Court alleging it was owed $1,369.06, plus interest of $621.32, and attorney's fees of $301.19, concerning the Bank of America debt.
31. Plaintiff defended the justice court action on the basis that he had previously settled the Bank of America account with Portfolio Funding.
32. The justice court case was dismissed with prejudice by court order signed on July 14, 2009. (A copy of the Order dismissing the case with

1 | prejudice is attached hereto as Exhibit A).

33. In November 2009, Financial Systems mailed Plaintiff a collection letter concerning the Bank of America account. (A copy of the November 2009 letter is attached hereto as Exhibit B).

34. In Exhibit B, Financial Systems stated "Your account has been purchased by NCO Portfolio Management. NCO Financial Systems, Inc. is the servicer of the account."

35. In Exhibit B, Financial Systems also states:

> Purchased Balance: $1369.06
> Interest Amount: $968.31
> Costs: $122.00
> Total Balance: $2459.37

36. At the time Exhibit B was mailed to Plaintiff, the Bank of America account had been settled in full with Portfolio Funding.

37. At the time Exhibit B was mailed, the lawsuit filed by Portfolio Management had been dismissed with prejudice.

38. Upon information and belief, prior to mailing Exhibit B, Portfolio Management knew that Plaintiff's Bank of America account had been settled with Portfolio Funding.

39. Upon information and belief, prior to mailing Exhibit B, Portfolio Management knew that its lawsuit against Plaintiff to collect the Bank of America account had been dismissed with prejudice.

40. At the time Portfolio Funding sold the account to Portfolio Management, Portfolio Funding advised Portfolio Management that the account had been previously settled in full.

41. In the alternative, at the time Portfolio Funding sold the account to

Portfolio Management, Portfolio Funding did not advise Portfolio Management that the account had been previously settled in full.

42. At the time Portfolio Management assigned the account to Financial Systems, Portfolio Management advised Financial Systems that the account had been settled in full.

43. In the alternative, at the time Portfolio Management assigned the account to Financial Systems, Portfolio Management did not advise Financial Systems that the account had been settled in full.

44. At the time Portfolio Management assigned the account to Financial Systems, Portfolio knew or had reason to know that Plaintiff disputed the Bank of America debt.

45. At the time Portfolio Management assigned the account to Financial Systems, Portfolio Management did not advise Portfolio Systems that Plaintiff disputed the debt.

46. In November 2009, Financial Services obtained a copy of Plaintiff's credit report from Trans Union, one of the three national consumer reporting agencies.

47. At the time Financial Services obtained the credit report, Plaintiff had no business relationship with Financial Services.

48. At the time Financial Services obtained Plaintiff's credit report, Financial Services had no legal or permissible purpose to obtain and/or use Plaintiff's credit report as required by the FCRA, 15 U.S.C. § 1681b(f).

49. At the time Financial Services accessed Plaintiff's credit report, it falsely represented to Trans Union that it had permissible purpose to

1  obtain and use Plaintiff's credit report.
2  50. Financial Services' impermissible access and/or use of Plaintiff's credit report was for purposes beyond the scope of the FCRA, 15 U.S.C. § 1681b(f).
3  51. At the time Financial Services accessed Plaintiff's credit report, Financial Services did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report, and therefore its request, acquisition and / or use of Plaintiff's consumer report was in violation of FCRA § 1681b(f) and/or 1681q.
4  52. Financial Services' failure to comply with the FCRA when it requested, obtained and/or used Plaintiff's consumer report as alleged above was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA.
5  53. In the alternative Financial Services' failure to comport with the FCRA when it requested, obtained and/or used Plaintiff's consumer report as alleged above was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.
6  54. Defendants' actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of their persistent and routine practice of debt collection.
7  55. In the alternative, Defendants' actions were negligent.

V. CAUSES OF ACTION

a. Fair Debt Collection Practices Act

56. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
57. Defendants' violations of the FDCPA include, but are not necessarily

1   limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(2)(B), 1692e(8),
2   1692e(10), 1692e(14), and 1692f(1).

### b.   Fair Credit Reporting Act

4   58.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

6   59.   Financial Services did not have a permissible purpose in accessing and using Plaintiff's credit report in November 2009, as required by the FCRA § 1681b(f).

9   60.   As a result of Financial Services', Plaintiff has been damaged.

10  61.   Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

17  62.   As a result of Financial Services' negligent failure to comply with the FCRA, Financial Services is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

22  63.   Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the

1 failure or damages or not less than $100.00 and not more than
2 $1,000.00; (2) such amount of punitive damages as the court may
3 allow; and (3) in the case of any successful action to enforce any
4 liability under 15 U.S.C. § 1681n, the costs of the action together with
5 reasonable attorneys' fees.

6 64. As a result of Financial Services' willful failure to comply with the
7 FCRA, Financial Services is liable to Plaintiff in an amount equal to
8 the sum of (1) any actual damages sustained by Plaintiff as a result of
9 the failure or damages of not less than $100.00 and not more than
10 $1,000.00 for each such violation; (2) such amount of punitive damages
11 as the court may allow; and (3) the costs of this action together with
12 reasonable attorneys' fees.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages in an amount to be determined at trial;

b) Statutory damages of $1,000 for each Defendant pursuant to FDCPA § 1692k;

c) Statutory damages pursuant to FCRA § 1681n;

d) Punitive damages pursuant to FCRA § 1681n;

e) Costs and reasonable attorney's fees; and

f) Such other relief as may be just and proper.

DATED  January 22, 2010 .

     s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff